Good morning. May it please the court, Ron Oldenburg for the petitioner, your honor. We pretty much set forth our position in our briefs as indicated therein. It is our position that the conviction of the petitioner does not constitute a conviction for removable offense because the conviction document, as opposed to sentencing documents, does not specify the subparagraph of the Hawaii State statute of which the individual is convicted. What do we do with the Hawaii Supreme Court decision? I mean, that is the last document the Hawaii Supreme Court cites for session. Isn't that it? Isn't that the end of it? I don't think so, your honor, because the Hawaii Supreme Court, the issue was not raised before at all as to which paragraph the person was convicted in. In fact, the Hawaii Supreme Court mentions that there were two conflicting findings of the guilty. We only have one in this file. What the other one mentioned by the Hawaii Supreme Court is, we have no idea, your honor. But isn't the remedy, if you want to amend the judgment to include what you're going to do is the correct statute, your remedy in the state court initially? I'm not a... Well, I mean, I understand your position. You've got a pretty good argument based on the jury verdict form. I understand that. But then it goes up on appeal, and I value your position as well. They were just writing down numbers, and nobody really thought about the issue or litigated it. But still, at the end of the day, we've got a judgment, a conviction, and we have an affirmation under that statute by the Hawaii Supreme Court. I mean, whether or not the issue was raised or not shouldn't have been. Well, it should have been, but, your honor, the issue really wasn't pertinent for the state Supreme Court. Regardless of which subparagraph the defendant was convicted of, the sentence under the Hawaii State law would be the same. It's a Class C felony, and the sentencing document, which was issued later, would probably be the same regardless of which subparagraph. The issue doesn't even come up until six years later when the Immigration Service brings action against the individual saying, hey, you're deportable because you were convicted under this paragraph. So it wasn't an issue at the time of conviction or even as late as 2003 when the Hawaii Supreme Court considered the appeal. Are you saying that there was some sort of an error in the record of judgment and conviction that was carried through the process? Is that it? Basically, yes, your honor. What's in the record that indicates that? Well, the sentencing document is basically, well, let me back up. The NTA, the notice to appear in this case, is based on a conviction of October 18th, 1999. We only have one document in the file that is dated October 18th, 1999, and that does not specify the subparagraph. I understand that's the general vertical. Yes. Well, the judge was there, we assume, and the judge entered the official record of judgment and conviction, I assume. He did. And so what is he, he just comes out of the air and flips the number? That we don't know, your honor. So we don't know from the record how that happened? No, we don't know from the record. But the Supreme Court reviewed the record, Hawaii reviewed the record, came up with the same answer. Yes, it did. But where it got that determination, did it get it from the judgment of the trial judge, which he does specify that subparagraph? Is there another document in existence somewhere that is not part of this record that contains that? I don't know. But the only document that is on the record does not indicate that the petitioner was convicted. So why should we use the jury verdict? Because that's the verdict that convicted him. That's the only document dated October 18th, 1999. And that's pretty much our position, your honor. I wouldn't note that in our reply brief, we mentioned the very recent Third Circuit case, Evanson, which we think strongly supports our position. Thank you. Good morning, your honors. May it please the court, John Blakely on behalf of the respondent, Attorney General of the United States. Your honors, this case is about a 39-year-old man who sexually abused a young girl who is at most 13 years old. We can't lose sight of that fact, and we can't lose sight of the fact that Congress wanted to amend the INA. Well, we can only keep sight of what he was convicted of. That's correct, your honor. And none of those documents indicate what age the victim is. The documents we're considering do not show what age the victim is. Just that she's less than 14, your honor. What document shows that? The conviction for which the specific statute under which he was convicted requires that the victim be under 14 years of age. And we have three different documents that say that he's convicted under that statute. Well, what do we make of the Hawaii Supreme Court's language in saying that the jury returned two verdict forms that were contradictory to the court's instructions and apparently returned a verdict of not guilty of the charged offense but said it was a lesser-included offense? What do we make of that? Well, there was an error at first, and that's why the trial judge sent it back and had the correction made. And when the correction came back, it said that they were convicted for the lesser offense. And then the judgment of conviction was issued, and that showed that he was convicted under 1B here. And then the Supreme Court summary disposition lists the same provision. Well, it does cite the statute, as I mentioned when I was talking to your colleague. But there's some implication, even in the opinion, that the verdict form was ultimately a little ambiguous about what the conviction was. And it goes off and says harmless error, which is fine for that purpose, for the Hawaii Supreme Court. Well, for my purpose, determining what the statute was, it's a little bit of a different matter. Well, I'm not sure that anyone reached the conclusion that there was harmless error. This issue hasn't been raised before the courts of Hawaii. And what essentially petitioners engage in right now is a collateral attack on the conviction. And that's not what the issue is before us today. The statute, the INA lists specifically. I don't think he's collaterally attacking the conviction. He just said I was convicted of something else. Well, that's true, Your Honor, but he says collateral attack on the conviction documents. And the INA lists specifically what can be used in immigration courts for conviction documents. And three of those documents here identify a statute that falls under the definition of sexual abuse of a minor. And I'm with you so far, but when you first started out, you indicated that the victim was under 13 and that that's what she was charged for. If we could get to the indictment, this is an easy case. And when I was reviewing this case, I was having a problem because there's no question what the indictment says. But the indictment is not one of the documents that we can consider. I mean, it follows automatically if you have the indictment in front of you. So you're just saying we should pick the other three documents versus the jury verdict? Well, the jury verdict is only one document. We've got two other documents. But it's the document of conviction. Actually, the trial court issues the judgment of conviction here. The trial court doesn't convict jury votes. That's true. We don't know what they consider. That's correct, Your Honor. We don't know exactly what they do. It's a general verdict. It is a general verdict, Your Honor. And here the INA allows the immigration court to use the judgment of conviction as entered by the trial court judge and also allows a summary disposition from the Hawaiian Supreme Court. And both of those things indicate that he was convicted under a statute that qualifies as sexual abuse of a minor. Well, in our review, what do we do then with the conflict between the official record of plea and verdict and sentence and the record of judgment? What do we do with that conflict? Well, this is a factual dispute. And under the INA, a factual dispute is resolved by compelling evidence. A petitioner has to present record evidence that compels the conclusion that the immigration judge did it. And here there is no compelling evidence when you have a trial court judgment of conviction and you have a state Supreme Court judgment, summary disposition rather,  Doesn't that invert the burden of proof here? I mean, the government is obligated to prove by clear and convincing evidence that the crime, qualifying crime exists, right? That's correct, Your Honor. And here the immigration judge found by clear and convincing evidence that he was convicted under a statute. Right. I think you just said it was their burden to show that a different result was compelled. Actually, the burden was. The petition. You concede that the burden is on the government in the first instance and it's a hybrid, clear and convincing, right? Okay. That's correct, Your Honor. Now, this leads me, I guess, into a second concern I have about this case, which is the BIA reviewed the IJ's decision under a clearly erroneous standard. That doesn't seem to me to be correct. Under our case law under Taylor in the United States Supreme Court, any time we have judicially noticeable documents replying to law, it's a legal conclusion, not a factual conclusion. And legal conclusions are reviewed de novo, not only by us, but under the regulations of DHS. Your Honor, I'd have to look again to see exactly what the board said there, but I think what the immigration judge reached a factual determination. The Homeland Security was required to establish by clear and convincing evidence that he had been convicted of the crime. Right, but let me read this to you. I know you don't probably have it in front of you. Let me read this to you, and I don't mean to interrupt, but it may get us faster. Yes, Your Honor. The immigration judge's determination that the respondent was convicted under the qualifying statute is a finding of fact that we review for clear error. Now, then it goes down and says basically sustains it under the standard of review, but I don't think that's the way analytically they ought to approach it. We review de novo because the facts are undisputed. I mean, you only use judicially noticeable documents. There's no factual dispute. Well, here there was a factual dispute. No, the documents are the documents. There's no doubt about what the documents are. The question is by application of law, what do the documents mean? So that's me. I mean, we would, if we were dealing with a criminal offense, predicate offense in the habeas context or under the criminal code, we'd be engaging in de novo review. And we, at least as far as I'm concerned, we would be engaging in de novo review of the results here based on the judicially noticeable documents. So I guess the conclusion I'm getting to, and I want your comment on, is it seems to me that the BIA erred in its analysis and applied the wrong standard of review. So long speech, no truth. Yes, Your Honor. Your Honor, here there is a factual dispute over whether or not he was convicted under a given statute. And the immigration judge resolved that as a factual dispute, and then the Board properly reviewed that under the clearly erroneous standard. But we would never do that. For example, those kind of issues we would always review de novo. I mean, because the documents are uncontroverted. They have to be uncontroverted in order to be subject to judicial notice. So maybe it's not an issue the Board has considered, but it seems to me they got it wrong. Now, it may not make any difference in this case, but I think they have the standard of review. I understand, Your Honor. I'd be happy to provide supplemental briefing on the issue. I hadn't had a chance to look into the case law and provide that. Okay. I have nothing else to add. I'm not sure the government is through. Are you through? No, I'm not, Your Honor. It flew all this way. You have to get a few more. There's only one other issue that I'd like to address. And last Friday, I sent supplemental authority to this Court, reminding the Court of its decisions in Estrada Espinoza and in Kawashima, and then also about the Supreme Court granting cert in Nijiwan, a Third Circuit case, addressing basically the same issues in Kawashima. And I think given the dramatic impact that those cases could have on the ultimate determination in this case, I'd ask that this Court allow supplemental briefing on those issues or at a minimum hold this case until those issues are resolved. The government has filed a petition for rehearing in Bonn, in Kawashima. The government has also sought and obtained an extension for the deadline for filing a cert petition in Estrada Espinoza. And so with as many of those decisions up in the air as they are right now, I respectfully ask this Court to cover them. Well, very quickly, what's the significance of those cases? Very frankly, I haven't had a chance to review them. We got those late. So what's the significance of those cases to this case? Well, Your Honor, under applying Estrada Espinoza, there's a potential impact if this Court finds that this specific statute is not categorically sexual abuse of a minor. And if it's not categorically a sexual crime for sexual abuse of a minor, then the next question becomes whether you apply the modified categorical approach. And as you start to apply the modified categorical approach, whether or not there are missing elements. That's not the issue in our case. Our issue in the case is what section was it. You're just assuming that it's a 1B. What is it? The problem with 1B, I think, with what the counsel is indicating, is it doesn't necessarily have as an element the age difference, right? That's correct, Your Honor. I mean, that's why it wouldn't categorically qualify. So you have to go to the modified categorical approach, which the IJs seem to anyway. Here, the only deficit, it seems to me, in the proof is, although we know from the immigration record his age, it's not contained in the state statute of conviction or the documents of conviction, right? Other than to the extent that it establishes that he was convicted under 1B, and 1B requires that the age be under 14. No, I'm talking about his age. His age. That's correct, Your Honor. We know what it is because of the immigration records, but it's not contained in the state court. So that's the potential issue. You're correct, Your Honor. And just if I could point out one thing, though, that you suggested that the immigration judge took the modified categorical approach here. And I wouldn't characterize it that way because there was no need to have reached the modified categorical approach because it was categorically a sexual abuse of a minor. Rather, the reason they looked at the same documents that he would have if he had reached the modified categorical approach was merely to establish the burden of proof. Fair comment. And so I nosed my times up with a respectfully request that this Court allow supplemental briefing or at least hold the case pending the decisions in those other cases. Thank you. Thank you, Your Honor. I have nothing further. All right. We'll defer submission to a further order of the Court, and we'll consider your request then that we hold it pending the resolution of all the pending Supreme Court and Ninth Circuit cases, and we'll issue a further order later. Thank you. Thank you, Your Honor. Thank you, counsel.
judges: Reinhardt, Brunetti, Thomas